CIVIL CASE MANAGEMENT PLAN

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

**MICHAEL DAVIS,**

Plaintiff,

     -against-

Civil Case No.: 1:17-cv-01290
(FJS/DJS)

**CITY OF TROY, RONALD FOUNTAIN,**
**DANIELLE COONRADT, CHARLES**
**McDONALD, RENSSELAER COUNTY,**
**and MICHAEL SIKIRICA,**

Defendants.

---

**IT IS HEREBY ORDERED that,** pursuant to Rule 16(b), Federal Rules of Civil Procedure, a status and scheduling conference will be held in this case before the Honorable Magistrate Daniel J. Stewart, United States Magistrate Judge on the **20th day of May, 2019 at 10:00 a.m.** at the United States Courthouse, Room No: 409, in Albany, New York.

Counsel for all parties or individuals appearing pro se in the above-captioned action are directed to confer in accordance with Fed. R. Civ. P. 26(f) with respect to all of the agenda items listed below, no later than **twenty-one (21) days** before the scheduled Rule 16 Conference. Following that Rule 26(f) meeting, a report of the results of the conference, in the format set forth below, must be filed with the clerk no later than **seven (7) days** prior to the scheduled Rule 16 conference with the Court. Matters which the Court will discuss at the status conference will include the following: (insert a separate subparagraph as necessary if parties disagree):

1) **JOINDER OF PARTIES:** Any application to join any person as a party to this action shall be made on or before the **9th** day of **July, 2019**.

2) **AMENDMENT OF PLEADINGS:** Any application to amend the pleadings to this action shall be made on or before the **9th** day of **July, 2019**.

3) **DISCOVERY:** All discovery in this action shall be completed on or before the **28th** day of **February, 2020**.

4) **MOTIONS:** All motions, including discovery motions, shall be made on or before the **10th** day of **May, 2020**. **(Non-Dispositive motions including discovery motions may only be brought after the parties have complied with Section IX of General Order #25)**

5) **PROPOSED DATE FOR THE COMMENCEMENT OF TRIAL:** The action will be ready to proceed to trial **90 days following the deadline for filing of dispositive motions.** It is anticipated that the trial will take

approximately **5 to 10** days to complete. The parties request that the trial be held in Albany, N.Y. **(The proposed date for the commencement of trial must be within 18 months of the filing date).**

**6) HAVE THE PARTIES FILED A JURY DEMAND: __X__ (YES) / _____ (NO).**

**7) DOES THE COURT HAVE SUBJECT MATTER JURISDICTION? ARE THE PARTIES SUBJECT TO THE COURT'S JURISDICTION? HAVE ALL PARTIES BEEN SERVED?**

The Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331. All parties are subject to the Court's jurisdiction. All parties have been served.

**8) WHAT ARE THE FACTUAL AND LEGAL BASES FOR PLAINTIFF'S CLAIMS AND DEFENDANT'S DEFENSES (INCLUDE COUNTERCLAIMS & CROSSCLAIMS, IF APPLICABLE)?**

Plaintiff has brought claims against all Defendants for false arrest, malicious prosecution, fabrication of evidence, and failure to intervene. Following a Motion to Dismiss filed by Defendants Rensselaer County and Dr. Sikirica, Plaintiff's failure to intervene claim was dismissed as against the Rensselaer County Defendants.

The factual basis for Plaintiff's claims are as follows:

On October 2, 2015, Plaintiff Michael Davis was arrested for the murder of his girlfriend's 2 year and seven month old daughter V.D.. On February 26, 2015, Plaintiff found V.D. unresponsive in her bed. Plaintiff alleges that he immediately tried to administer C.P.R. and called 911. Upon arrival, emergency personnel also administered C.P.R. V.D. remained unresponsive and was brought to St. Mary's Hospital where she was pronounced dead. Plaintiff was interrogated by the Defendant Troy Police Officers on February 26, 2015. On February 27, 2015, Defendant Dr. Sikirica performed an autopsy of V.D. in the presence of Troy Police Officers Ronald Fountain, Charles McDonald, and Danielle Coonradt. Thereafter, Plaintiff was against questioned by the City of Troy Police Officers. On August 15, 2015, Dr. Sikirica issued an autopsy report determining the cause of death to be hypovelmic shock due to large hemoperitoneum due to multiple lacerations of the liver with right rib fractures due to blunt force trauma and the manner of death to be homicide. The determination was based on a finding that V.D. had fractures of her 9th and 10th ribs resulting in lacerations to V.D.'s liver.

Plaintiff alleges that the conclusions in Dr. Sikirica's report were deliberately skewed based on discussions with the Defendant City of Troy Police Officers who had participated in the interrogation of Plaintiff and that Defendant Sikirica intentionally omitted from his report that emergency personnel, in addition to Plaintiff, administered C.P.R.

Plaintiff was prosecuted on manslaughter and acquitted of all charges on August 25, 2016.

Plaintiff has brought *Monell* claims against the City of Troy and Rensselaer County. Plaintiff's alleges that the City of Tory has a *de facto* policy of engaging in unlawful collusion with the Rensselaer County Medical Examiner to create and/or manufacture false medical evidence. Plaintiff further alleges that both municipalities are liable for their inadequate screening, hiring, retaining, training, and supervising of its employees.

Defendants have each raised defenses of immunity and that there was probable cause for Plaintiff's arrest and criminal prosecution.

## 8. WHAT ARE THE FACTUAL AND LEGAL BASES FOR PLAINTIFF'S CLAIMS AND DEFENDANT'S DEFENSES (INCLUDE COUNTERCLAIMS AND CROSS CLAIMS, IF APPLICABLE)

### As to the Defendants, Ronald Fountain and Charles McDonald

Both said Defendants will contend that the Plaintiff was indicted by a Grand Jury sitting in Rensselaer County which created a presumption that there was probable cause for the arrest and prosecution of the Plaintiff. Plaintiff will have the burden of overcoming this presumption.

Both said Defendants will contend that following said indictment the Plaintiff was arrested pursuant to a warrant of arrest valid on its face issued by a Court of competent jurisdiction and the arrest was thereby privileged.

Both said Defendants will contend that there was probable cause to arrest and prosecute the Plaintiff.

Both said Defendants will assert the affirmative defense that probable cause existed for the arrest and prosecution of the Plaintiff.

Both Defendants will contend that they are entitled to absolute immunity for any and all testimony they gave before the Grand Jury which indicted the Plaintiff and/or during the trial of the Plaintiff in the Rensselaer County Court.

Both Defendants will seek compensatory damages on their counterclaims against the Plaintiff based upon their contention that there is no basis in law or in fact for the claims made against them.

Factually, the Defendant, Charles McDonald did not testify before the Grand Jury which indicted the Plaintiff and did not testify at the trial of the Plaintiff in the Rensselaer County Court.

## As to the Defendant, Danielle Coonradt

The Defendant, Danielle Coonradt was on the date of the death of the infant child, VD a patrolman employed by the Troy Police Department. She was called to the premises where the deceased child resided. Upon her arrival the child was unresponsive as was reported to this Defendant. While this Defendant was at the apartment, she had a brief conversation with the Plaintiff. He stated (orally) to Defendant: "I told her to go back to bed because it was too early. I went to get her up at 11:00 and she wouldn't wake up". Defendant replied: "Ok, but it's 1:30 now". Plaintiff then said: "Time must be flying then".

Defendant, Coonradt stayed at the apartment all afternoon to make sure it was and remained secured. She had nothing further to do with the police investigation except to look around the apartment and take note of a container containing pills which to her knowledge was irrelevant to the investigation. Defendant had no interaction with Dr. Michael Sikirica at all and was not present during the autopsy of the child. She did not initiate the prosecution of the Plaintiff or did she participate in his arrest. She did testify at trial concerning the above-referenced conversation with the Plaintiff.

This Defendant will contend as a defense that the Plaintiff was arrested pursuant to an arrest warrant valid on its face issued by the Rensselaer County Court.

This Defendant will contend as a defense that the Plaintiff was indicted by a Rensselaer County Grand Jury which created a presumption of probable cause and the burden of proof is on the Plaintiff to rebut this presumption.

This Defendant will contend that probable cause existed for the arrest and prosecution of the Plaintiff.

This Defendant will contend that she is entitled to absolute immunity for all testimony

which she gave at the trial of the Plaintiff in the Rensselaer County Court.

This Defendant will contend that she is entitled to qualified immunity as to all claims made against her.

This Defendant will seek compensatory damages on her counterclaim based upon her contention that there was no basis in law or in fact for the claims made against her.

## 9. WHAT FACTUAL AND LEGAL ISSUES ARE GENUINELY IN DISPUTE?

a.      Whether the Defendant, Ronald Fountain is entitled to absolute immunity for his testimony before the Grand Jury and at the trial of the Plaintiff in the Rensselaer County Court.

b.      Whether the Defendant, Danielle Coonradt is entitled to absolute immunity for her testimony at the trial of the Plaintiff in the Rensselaer County Court.

c.      Whether the Defendants, Fountain, McDonald and Coonradt are entitled to qualified immunity.

d.      Whether the Defendant, McDonald indicated or continued the prosecution of the Plaintiff.

e.      Whether the Defendant, Coonradt initiated or continued the prosecution of the Plaintiff.

f.      Whether the Defendants, Fountain, McDonald, and Coonradt conspired with the Defendant, Michael Sikirica to violate Plaintiff's rights.

g.      Whether the Defendants, County of Rensselaer and City of Troy have unconstitutional policies and practices which resulted in the Plaintiff's arrest and prosecution and denied to Plaintiff of his right to a fair trial.

**10. CAN THE ISSUES IN LITIGATION BE NARROWED BY AGREEMENT OR BY MOTIONS? ARE THRE DISPOSITIVE OR PARTIALLY DISPOSITIVE ISSUES APPROPRIATE FOR DECISION ON MOTION**

It is expected that Summary Judgment Motions will be filed at the conclusion of discovery.

**11. WHAT SPECIFIC RELIEF DO THE PARTIES SEEK? WHAT ARE THE DAMAGES SOUGHT?**

The Defendants, City of Troy, Ronald Fountain, Charles McDonald, and Danielle Coonradt seek an undisclosed amount of compensatory relief, along with attorneys' fees, disbursements and costs on their counterclaims.

**12. DISCOVERY PLAN:**

**(A) Mandatory Disclosures**

The parties will exchange the mandator disclosures required under Rule 26(a)(1) at lease seven (7) days prior to the date o the Rule 16 conference, unless they have obtained prior approval from the assigned Magistrate Judge to extend that deadline.

**(B) Subjects of Disclosure**

The parties jointly agree that discovery will be needed to address the following subjects:

(i) The circumstances surrounding the arrest and prosecution of Michael Davis.

(ii) The polices and practices of the City of Troy Police Department in hiring, training, and supervising its officers who are responsible for investigating homicides.

(iii) The policies and practices of the County of Rensselaer in hiring, training and supervising the Rensselaer County Medical Examiner.

**(C) Discovery Sequence**

**Describe the parties' understanding regarding the timing of the discovery, and state whether it is anticipated that discovery will be phased to address different issues in stages.**

It is not anticipated that discover will need to be phased.

**(D) Written Discovery**

**Describe the written discovery demands which the parties contemplate serving under Rules 33, 34 and 36, including when they will be promulgated, the areas to be covered, and whether there is any need for any party to exceed the number of interrogatories permitted under Rule 33.**

The demands will encompass the areas raised in subsection B. It is not anticipated that

the parties will need to exceed the number of interrogatories permitted under Rule 33.

**(E)    Depositions**
**Set forth the parties' expectations regarding depositions, including the approximate number to be taken, their location, a general description of the deponents, and an indication of whether any non-party fact depositions are anticipated.**

Presently, it is expected that depositions of all parties will be required

**F)    Experts**
**Set forth the parties' expectations regarding the retention of experts, and identify any particular issues to be addressed by the Court concerning the retention and exchange of the information regarding experts, including whether the parties seek a variance from the expert disclosure requirements of the form uniform pretrial scheduling order typically issued by the Court (i.e., initial expert disclosure at least ninety (90) days, responsive expert disclosures at least forty-five (45) days, and rebuttal reports due at least thirty (30) days, before the close of discovery).**

The parties are assessing the need for experts in this matter and will make expert

disclosures in accordance with the Federal Rules and the Court's Orders in this matter.

**(G)    Electronic Discovery**
**Set forth the parties' understanding and expectations regarding discovery of electronically stored information. This description should include any agreements reached with respect to the retention of electronically stored information and the manner in which it will be produced, if requested. The parties should also identify any agreements regarding the manner in which electronically stored information subject to claims of privilege or work product protection will be handled, and whether a Court Order will be requested, either in stipulation or otherwise, to address this issue. If an agreement has been reached on the entry of such an Order, provide a brief description of the provisions which will be included in a proposed order.**

At this point, electronic discovery is not anticipated.

**(H)    Protective Orders**
**If the parties anticipate requesting a protective order from the Court pursuant to Rule 26(c), describe the basis for the request and nature of the proposed protective order.**

The parties do not anticipate that a protective order will be required.

**(I)     Anticipated Issues Requiring Court Intervention**
**Provide a brief description of any discovery related issues which the parties reasonably anticipate may require Court intervention.**

Plaintiff's criminal file is currently sealed and will require an authorization and/or motion for the release of Plaintiff's criminal file.

Pursuant to County Law Section 677 the Rensselaer County Medical Examiner's file can only be released to the District Attorney, spouse or next of kin of the decedent. The statute calls for a Court Order to allow for the release of an autopsy report and associated records to any other person. As such, it is expected that a judicial subpoena will be required to allow for the release of the Rensselaer County Medical Examiner's file.

**13.     IS IT POSSIBLE TO REDUCE THE LENGTH OF TRIAL BY STIPULATIONS, USE OF SUMMARIES OR STATEMENTS, OR OTHER EXPEDITED MEANS OF PRESENTING EVIDENCE? IS IT FEASIBLE AND DESIRABLE TO BIFURCATE ISSUES FOR TRIAL?**

Unknown at this time. The parties will work to streamline issues for the Court where possible.

**14.     ARE THERE RELATED CASES PENDING BEFORE THE JUDGES OF THIS COURT?**

No.

**15.     IN CLASS ACTIONS, WHEN AND HOW WILL THE CLASS BE CERTIFIED?**

N/A

**16.     WHAT ARE THE PROSPECTS FOR SETTLEMENT? Please circle below the prospect for settlement:**

1----2----3---4---5---6---7----8----9---10

(Very Unlikely)*************(Likely)

Cannot be evaluated prior to discovery.

**HOW CAN SETTLEMENT EFFORTS BE ASSISTED?**

It is unknown at this time, but the parties will revisit following discovery.

17. **IF YOUR CASE WAS SELECTED AS A QUALIFYING MANDATORY MEDIATION CASE, CONFIRM THAT YOU HAVE:**

    A. Reviewed General Order #47?  Yes

    B. Reviewed the List of Court Approved Mediators available on the NDNY website?  Yes

    C. Prepared to discuss with the Court, at the conference, whether your case should be opted out of the program?  Yes

    D. Discussed the time frame needed to complete Mandatory Mediation?  Yes

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Pursuant to Fed. R. Civ. P. 26(f) a meeting was held electronically on _____ and was attended by Brett Klein, Esq., Attorney for Plaintiff, Donald J. Shanley, Esq., Attorney for City of Troy Defendants and Crystal R. Peck, Attorney for Rensselaer County Defendants.

At the Rule 16(b) conference, the Court will issue an Order directing the future proceedings in this action.  The parties are advised that failure to comply with this Order may result in the imposition of sanctions pursuant to Federal Rules of Civil Procedure 16(f).

**Please detach this Case management Plan Form and file electronically with the Clerk no later than seven (7) days in advance of the conference date.**