UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

MICHAEL DAVIS-GUIDER,

                                        Plaintiff,

                    -against-

CITY OF TROY, RONALD FOUNTAIN, Individually,
DANIELLE COONRADT, Individually, CHARLES
MCDONALD, Individually, TIM COLANERI, Individually,
ADAM R. MASON, Individually, RENSSELAER COUNTY,
MICHAEL SIKIRICA, Individually, and JOEL ABELOVE, Individually,

                                        Defendants.
_____

**ANSWER TO THIRD AMENDED COMPLAINT ON BEHALF OF THE CITY OF TROY**
Case No.: 1:17-cv-1290
(FJS/DJS)

The defendant, City of Troy (hereinafter "City") for its Answer to the Third Amended

Complaint ("Complaint") of the plaintiff states as follows:

## PRELIMINARY STATEMENT

1.      Denies that it has any knowledge or information sufficient to form a belief as to

the truth of the allegations set forth in the paragraph of the Complaint marked and numbered "1".

## JURISDICTION

2.      Denies that it has any knowledge or information sufficient to form a belief as to

the truth of the allegations set forth in the paragraph of the Complaint marked and numbered "2".

3.      Denies that it has any knowledge or information sufficient to form a belief as to

the truth of the allegations set forth in the paragraph of the Complaint marked and numbered "3".

## VENUE

4.      Denies that it has any knowledge or information sufficient to form a belief as to

the truth of the allegations set forth in the paragraph of the Complaint marked and numbered "4".

**JURY DEMAND**

5.      Denies that it has any knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the paragraph of the Complaint marked and numbered "5".

**PARTIES**

6.      Denies that it has any knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the paragraph of the Complaint marked and numbered "6".

7.      Admits the allegations set forth in the paragraph of the Complaint marked and numbered "7".

8.      Admits the allegations set forth in the paragraph of the Complaint marked and numbered "8".

9.      Admits the allegations set forth in the paragraph of the Complaint marked and numbered "9" except denies that it has any knowledge or information sufficient to form a belief as to the truth thereof as to so much of paragraph "9" as alleged that the police officers named therein are sued in their individual capacities.

10.      Denies that it has any knowledge or information sufficient to form a belief as to the truth of any of the allegations contained in paragraph of the Complaint marked and numbered "10".

11.      Denies that it has any knowledge or information sufficient to form a belief as to the truth of any of the allegations contained in paragraph of the Complaint marked and numbered "11".

12.      Denies that it has any knowledge or information sufficient to form a belief as to the truth of any of the allegations contained in paragraph of the Complaint marked and numbered

"12".

<h2 style="text-align:center"><u>FACTS</u></h2>

13.     Denies that it has any knowledge or information sufficient to form a belief as to the truth thereof of any of the allegations contained in the paragraph of the Complaint marked and numbered "13".

14.     Denies that it has any knowledge or information sufficient to form a belief as to the truth thereof of any of the allegations contained in the paragraph of the Complaint marked and numbered "14".

15.     Denies that it has any knowledge or information sufficient to form a belief as to the truth thereof of any of the allegations contained in the paragraph of the Complaint marked and numbered "15".

16.     Denies that it has any knowledge or information sufficient to form a belief as to the truth thereof of any of the allegations contained in the paragraph of the Complaint marked and numbered "16".

17.     Denies that it has any knowledge or information sufficient to form a belief as to the truth thereof of any of the allegations contained in the paragraph of the Complaint marked and numbered "17".

18.     Denies that it has any knowledge or information sufficient to form a belief as to the truth thereof of any of the allegations contained in the paragraph of the Complaint marked and numbered "18".

19.     Denies that it has any knowledge or information sufficient to form a belief as to the truth thereof of any of the allegations contained in the paragraph of the Complaint marked

and numbered "19".

20.     Denies that it has any knowledge or information sufficient to form a belief as to the truth thereof of any of the allegations contained in the paragraph of the Complaint marked and numbered "20".

21.     Denies that it has any knowledge or information sufficient to form a belief as to the truth thereof of any of the allegations contained in the paragraph of the Complaint marked and numbered "21".

22.     Admits the allegation contained in the paragraph of the Complaint marked and numbered "22".

23.     Denies that it has any knowledge or information sufficient to form a belief as to the truth thereof of any of the allegations contained in the paragraph of the Complaint marked and numbered "23" except admits that V.D. was pronounced in the emergency room.

24.     Denies that it has any knowledge or information to form a belief as to the truth thereof of any of the allegations contained in the paragraph of the Complaint marked and numbered "24" except admits that the plaintiff was questioned by members of the Troy Police Department (TPD).

25.     Denies that it has any knowledge or information to form a belief as to the truth thereof of any of the allegations contained in the paragraph of the Complaint marked and numbered "25".

26.     Denies that it has any knowledge or information to form a belief as to the truth thereof of any of the allegations contained in the paragraph of the Complaint marked and numbered "26" except admits that the co-defendant Sikirica performed the autopsy of V.D.

27.    Denies that it has any knowledge or information sufficient to form a belief as to the truth thereof of any of the allegations contained in the paragraph of the Complaint marked and numbered "27", except denies so much of paragraph "27" as alleges that TPD discussed the findings of the defendant Sikirica during and after the autopsy.

28.    Denies that it has any knowledge or information sufficient to form a belief as to the truth thereof of any of the allegations contained in the paragraph of the Complaint marked and numbered "28".

29.    Denies that it has any knowledge or information sufficient to form a belief as to the truth thereof of any of the allegations contained in the paragraph of the Complaint marked and numbered "29" except admits plaintiff was questioned by members of TPD.

30.    Denies that it has any knowledge or information sufficient to form a belief thereof as to the truth of any of the allegations contained in the paragraph of the Complaint marked and numbered "30".

31.    Denies each and every allegation contained in the paragraph of the Complaint marked and numbered "31".

32.    Denies each and every allegation contained in the paragraph of the Complaint marked and numbered "32".

33.    Denies that it has any knowledge or information sufficient to form a belief thereof as to the truth of any of the allegations contained in the paragraph of the Complaint marked and numbered "33".

34.    Denies that it has any knowledge or information sufficient to form a belief thereof as to the truth of any of the allegations contained in the paragraph of the Complaint marked and

numbered "34" excepted admits that co-defendant Sikirica issued his autopsy report, the contents of which report speak for themselves.

35.      Denies that it has any knowledge or information sufficient to form a belief thereof as to the truth of any of the allegations contained in the paragraph of the Complaint marked and numbered "35" excepted admits that co-defendant Sikirica issued his autopsy report, the contents of which report speak for themselves

36.      Denies that it has any knowledge or information sufficient to form a belief thereof as to the truth of any of the allegations contained in the paragraph of the Complaint marked and numbered "36" excepted admits that co-defendant Sikirica issued his autopsy report, the contents of which report speak for themselves

37.      Denies that it has any knowledge or information sufficient to form a belief thereof as to the truth of any of the allegations contained in the paragraph of the Complaint marked and numbered "37" excepted admits that co-defendant Sikirica issued his autopsy report, the contents of which report speak for themselves

38.      Denies that it has any knowledge or information sufficient to form a belief as to the truth thereof of any of the allegations contained in the paragraph of the Complaint marked and numbered "38" except admits that plaintiff was questioned by TPD.

39.      Denies each and every allegation contained in the paragraph of the Complaint marked and numbered "39."

40.      Denies each and every allegation contained in the paragraph of the Complaint marked and numbered "40".

41.      Denies each and every allegation contained in the paragraph of the Complaint

marked and numbered "41".

42.     Denies each and every allegation contained in the paragraph of the Complaint marked and numbered "42".

43.     Admits the allegations contained in the paragraph of the Complaint marked and numbered "43".

44.     Admits the allegations contained in the paragraph of the Complaint marked and numbered "44".

45.     Admits the allegations contained in the paragraph of the Complaint marked and numbered "45".

46.     Denies each and every allegation contained in the paragraph of the Complaint marked and numbered "46".

47.     Denies each and every allegation contained in the paragraph of the Complaint marked and numbered "47".

48.     Denies each and every allegation contained in the paragraph of the Complaint marked and numbered "48".

49.     Denies each and every allegation contained in the paragraph of the Complaint marked and numbered "49".

50.     Denies each and every allegation contained in the paragraph of the Complaint marked and numbered "50".

51.     Denies each and every allegation contained in the paragraph of the Complaint marked and numbered "51".

52.     Denies each and every allegation contained in the paragraph of the Complaint

marked and numbered "52".

53.     Denies that it has any knowledge or information sufficient to form a belief as to the truth thereof of any of the allegations contained in the paragraph of the Complaint marked and numbered "53".

54.     Denies that it has any knowledge or information sufficient to form a belief as to the truth thereof of any of the allegations contained in the paragraph of the Complaint marked and numbered "54" except admits that defendants Fountain, Mason and Colaneri were involved in the Adrian Thomas matter.

55.     Denies that it has any knowledge or information sufficient to form a belief as to the truth thereof of any of the allegations contained in the paragraph of the Complaint marked and numbered "55".

56.     Denies that it has any knowledge or information sufficient to form a belief as to the truth thereof of any of the allegations contained in the paragraph of the Complaint marked and numbered "56".

57.     Denies that it has any knowledge or information sufficient to form a belief as to the truth thereof of any of the allegations contained in the paragraph of the Complaint marked and numbered "57".

58.     Denies that it has any knowledge or information sufficient to form a belief as to the truth thereof of any of the allegations contained in the paragraph of the Complaint marked and numbered "58".

59.     Denies each and every allegation contained in the paragraph of the Complaint marked and numbered "59".

60.     Denies each and every allegation contained in the paragraph of the Complaint marked and numbered "60".

61.     Denies each and every allegation contained in the paragraph of the Complaint marked and numbered "61".

62.     Denies each and every allegation contained in the paragraph of the Complaint marked and numbered "62".

63.     Denies each and every allegation contained in the paragraph of the Complaint marked and numbered "63".

## AS TO THE FIRST CAUSE OF ACTION

64.     This defendant repeats and realleges each and every response contained in the paragraphs of this Answer marked and numbered "1" through "63", inclusive, with the same force and effect as if again set forth at length here.

65.     This defendant denies each and every allegation set forth in the paragraph of the Complaint marked and numbered "65".

66.     This defendant denies each and every allegation set forth in the paragraph of the Complaint marked and numbered "66".

## AS TO THE SECOND CAUSE OF ACTION

67.     This defendant repeats and realleges each and every allegation contained in the paragraphs of this Answer marked and numbered "1" through "66", inclusive, with the same force and effect as if again set forth at length here.

68.     This defendant denies each and every allegation set forth in the paragraph of the Complaint marked and numbered "68", insofar as said allegations pertain to this defendant

and/or any member or of the TPD.

69.    This defendant denies each and every allegation set forth in the paragraph of the Complaint marked and numbered "69", insofar as said allegations pertain to this defendant and/or any member or of the TPD.

70.    This defendant denies each and every allegation set forth in the paragraph of the Complaint marked and numbered "70", insofar as said allegations pertain to this defendant and/or any member or of the TPD.

71.    This defendant denies each and every allegation set forth in the paragraph of the Complaint marked and numbered "71", insofar as said allegations pertain to this defendant and/or any member or of the TPD.

72.    This defendant denies each and every allegation set forth in the paragraph of the Complaint marked and numbered "72", insofar as said allegations pertain to this defendant and/or any member or of the TPD.

73.    This defendant denies each and every allegation set forth in the paragraph of the Complaint marked and numbered "73", insofar as said allegations pertain to this defendant and/or any member or of the TPD.

74.    This defendant denies each and every allegation set forth in the paragraph of the Complaint marked and numbered "74", insofar as said allegations pertain to this defendant and/or any member or of the TPD.

75.    This defendant denies each and every allegation set forth in the paragraph of the Complaint marked and numbered "75", insofar as said allegations pertain to this defendant and/or any member or of the TPD.

76.     This defendant denies each and every allegation set forth in the paragraph of the Complaint marked and numbered "76", insofar as said allegations pertain to this defendant and/or any member or of the TPD.

## AS TO THE THIRD CAUSE OF ACTION

77.     This defendant repeats and realleges each and every response contained in the paragraphs of this Answer marked and numbered "1" through "76", inclusive, with the same force and effect as if again set forth at length here.

78.     This defendant denies each and every allegation set forth in the paragraph of the Complaint marked and numbered "78", insofar as said allegations pertain to this defendant and/or any member or of the TPD.

79.     This defendant denies each and every allegation set forth in the paragraph of the Complaint marked and numbered "79", insofar as said allegations pertain to this defendant and/or any member or of the TPD.

80.     This defendant denies each and every allegation set forth in the paragraph of the Complaint marked and numbered "80", insofar as said allegations pertain to this defendant and/or any member or of the TPD.

81.     This defendant denies each and every allegation set forth in the paragraph of the Complaint marked and numbered "81", insofar as said allegations pertain to this defendant and/or any member or of the TPD.

## AS TO THE FOURTH CAUSE OF ACTION

82.     This defendant repeats and realleges each and every response contained in the paragraphs of this Answer marked and numbered "1" through "81", inclusive, with the same

force and effect as if again set forth at length here.

83.     This defendant denies each and every allegation set forth in the paragraph of the Complaint marked and numbered "83", insofar as said allegations pertain to this defendant and/or any member or of the TPD.

84.     This defendant denies each and every allegation set forth in the paragraph of the Complaint marked and numbered "84", insofar as said allegations pertain to this defendant and/or any member or of the TPD.

85.     This defendant denies each and every allegation set forth in the paragraph of the Complaint marked and numbered "85", insofar as said allegations pertain to this defendant and/or any member or of the TPD.

86.     This defendant denies each and every allegation set forth in the paragraph of the Complaint marked and numbered "86", insofar as said allegations pertain to this defendant and/or any member or of the TPD.

## AS TO THE FIFTH CAUSE OF ACTION

87.     This defendant repeats and realleges each and every allegation contained in paragraphs of this Answer marked and numbered "1" through "86", inclusive, with the same force and effect as if again set forth at length here.

88.     This defendant denies each and every allegation set forth in the paragraph of the Complaint marked and numbered "88", insofar as said allegations pertain to this defendant and/or any member or of the TPD.

89.     This defendant denies each and every allegation set forth in the paragraph of the Complaint marked and numbered "89", insofar as said allegations pertain to this defendant

and/or any member or of the TPD.

90.     This defendant denies each and every allegation set forth in the paragraph of the Complaint marked and numbered "90", insofar as said allegations pertain to this defendant and/or any member or of the TPD.

## AS TO THE SIXTH CAUSE OF ACTION

91.     This defendant repeats and realleges each and every allegation contained in paragraphs of this Answer marked and numbered "1" through "90", inclusive, with the same force and effect as if again set forth at length here.

92.     This defendant denies each and every allegation set forth in the paragraph of the Complaint marked and numbered "92", insofar as said allegations pertain to this defendant and/or any member or of the TPD.

93.     This defendant denies each and every allegation set forth in the paragraph of the Complaint marked and numbered "93", inclusive, insofar as said allegations pertain to this defendant and/or any member or of the TPD.

94.     This defendant denies each and every allegation set forth in the paragraph of the Complaint marked and numbered "94", inclusive, insofar as said allegations pertain to this defendant and/or any member or of the TPD.

95.     This defendant denies each and every allegation set forth in the paragraph of the Complaint marked and numbered "95", insofar as said allegations pertain to this defendant and/or any member or of the TPD.

96.     This defendant denies each and every allegation set forth in the paragraph of the Complaint marked and numbered "96", insofar as said allegations pertain to this defendant

and/or any member or of the TPD.

97.     This defendant denies each and every allegation set forth in the paragraph of the Complaint marked and numbered "97", insofar as said allegations pertain to this defendant and/or any member or of the TPD.

98.     This defendant denies each and every allegation set forth in the paragraph of the Complaint marked and numbered "98", insofar as said allegations pertain to this defendant and/or any member or of the TPD.

99.     This defendant denies each and every allegation set forth in the paragraph of the Complaint marked and numbered "99", insofar as said allegations pertain to this defendant and/or any member or of the TPD.

100.    This defendant denies each and every allegation set forth in the paragraph of the Complaint marked and numbered "100", insofar as said allegations pertain to this defendant and/or any member or of the TPD.

101.    This defendant denies each and every allegation set forth in the paragraph of the Complaint marked and numbered "101", insofar as said allegations pertain to this defendant and/or any member or of the TPD.

102.    This defendant denies each and every allegation set forth in the paragraph of the Complaint marked and numbered "102", insofar as said allegations pertain to this defendant and/or any member or of the TPD.

103.    This defendant denies each and every allegation set forth in the paragraph of the Complaint marked and numbered "103", insofar as said allegations pertain to this defendant and/or any member or of the TPD.

## AS TO THE SEVENTH CAUSE OF ACTION

104.     This defendant repeats and realleges each and every allegation contained in paragraphs of this Answer marked and numbered "1" through "103", inclusive, with the same force and effect as if again set forth at length here.

105.     This defendant denies that it has any knowledge or information sufficient to form a belief thereof as to the truth of any of the allegations contained in the paragraph of the Complaint marked and numbered "105".

106.     This defendant denies that it has any knowledge or information sufficient to form a belief thereof as to the truth of any of the allegations contained in the paragraph of the Complaint marked and numbered "106".

107.     This defendant denies that it has any knowledge or information sufficient to form a belief thereof as to the truth of any of the allegations contained in the paragraph of the Complaint marked and numbered "107".

108.     This defendant denies that it has any knowledge or information sufficient to form a belief thereof as to the truth of any of the allegations contained in the paragraph of the Complaint marked and numbered "108".

109.     This defendant denies that it has any knowledge or information sufficient to form a belief thereof as to the truth of any of the allegations contained in the paragraph of the Complaint marked and numbered "109".

110.     This defendant denies that it has any knowledge or information sufficient to form a belief thereof as to the truth of any of the allegations contained in the paragraph of the Complaint marked and numbered "110".

111.    This defendant denies each and every allegation set forth in the paragraph of the Complaint marked and numbered "111", insofar as said allegations pertain to this defendant and/or any member or of the TPD.

112.    This defendant denies each and every allegation set forth in the paragraph of the Complaint marked and numbered "112", inclusive, insofar as said allegations pertain to this defendant and/or any member or of the TPD.

113.    This defendant denies each and every allegation set forth in the paragraph of the Complaint marked and numbered "113", insofar as said allegations pertain to this defendant and/or any member or of the TPD.

## AS TO THE SUPPLEMENTAL STATE LAW CLAIMS

114.    This defendant repeats and realleges each and every response set forth in the paragraphs of this Answer marked and numbered "1" through "113", inclusive with the same force and effect as if again set forth at length here.

115.    This defendant denies each and every allegation set forth in the paragraph of the Complaint marked and numbered "115", insofar as said allegations pertain to this defendant and/or any member or of the TPD.

116.    This defendant denies each and every allegation set forth in the paragraph of the Complaint marked and numbered "116", insofar as said allegations pertain to this defendant and/or any member or of the TPD.

117.    This defendant denies each and every allegation set forth in the paragraph of the Complaint marked and numbered "117", insofar as said allegations pertain to this defendant and/or any member or of the TPD.

118.    This defendant denies each and every allegation set forth in the paragraph of the Complaint marked and numbered "118", insofar as said allegations pertain to this defendant and/or any member or of the TPD.

119.    This defendant denies each and every allegation set forth in the paragraph of the Complaint marked and numbered "119", insofar as said allegations pertain to this defendant and/or any member or of the TPD.

## AS TO THE EIGHTH CAUSE OF ACTION

120.    This defendant repeats and realleges each and every response contained in the paragraphs of this Answer marked and numbered "1" through "119", inclusive with the same force and effect as if again set forth at length here.

121.    This defendant denies each and every allegation set forth in the paragraph of the Complaint marked and numbered "121".

122.    This defendant denies each and every allegation set forth in the paragraph of the Complaint marked and numbered "122".

123.    This defendant denies each and every allegation set forth in the paragraph of the Complaint marked and numbered "123".

124.    This defendant denies each and every allegation set forth in the paragraph of the Complaint marked and numbered "124".

## GENERAL DENIAL

125.    This defendant denies any of the allegations of the Complaint not specifically admitted, denied or controverted herein and denies that plaintiff is entitled to any of the relief requested in the Wherefore clause of the Complaint.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE,**
**THIS DEFENDANT ALLEGES:**

126.    That probable cause existed for the arrest and prosecution of the plaintiff.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE,**
**THIS DEFENDANT ALLEGES:**

127.    That as a matter of law this defendant is not legally responsible for any tortious conduct on the part of its employees.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE,**
**THIS DEFENDANT ALLEGES:**

128.    That none of the constitutional deprivations described and alleged in the Complaint herein arose or were caused by an official governmental policy or custom of the City of Troy within the meaning of and as required by the case of Monell v. Dept. of Social Services of the City of New York, 436 U.S. 658.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE,**
**THIS DEFENDANT ALLEGES:**

129.    Upon information and belief that this action and all claims set forth in the Complaint are barred by the applicable statutes of limitation.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE,**
**THIS DEFENDANT ALLEGES:**

130.    That as a matter of law punitive damages may not be recovered against this municipal defendant.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE,**
**THIS DEFENDANT ALLEGES:**

131.    Upon information and belief, that all of the damages, if any, sustained by the plaintiff as alleged and described in the Complaint herein were caused solely and wholly by

18

reason of the tortious and/or negligent conduct of others over whom this defendant had no control and for which this defendant is not legally liable.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE,**
**<u>THIS DEFENDANT ALLEGES</u>:**

132.    Upon information and belief, that the Complaint does not allege facts sufficient to state a valid claim against this defendant.

**AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE,**
**<u>THIS DEFENDANT ALLEGES</u>:**

133.    That the plaintiff was indicted by a Grand Jury sitting in Rensselaer County, New York on the charges for which he was arrested and detained and this created a presumption that there was probable cause to arrest and prosecute said plaintiff.

**FOR A CROSS CLAIM AGAINST THE CO-DEFENDANTS,**
**COUNTY OF RENSSELAER, MICHAEL SIKIRICA, AND JOEL ABELOVE**
**<u>THIS DEFENDANT ALLEGES</u>:**

134.    Upon information and belief, that the damages, if any, sustained by the plaintiff as alleged and described in the Complaint herein were caused wholly, or in part, by the negligent and/or tortious conduct of the said co-defendants and by reason thereof this defendant is entitled to indemnification/contribution from said co-defendants as to any damages recovered herein by the plaintiff against this defendant.

**AS AND FOR A COUNTERCLAIM AGAINST THE PLAINTIFF,**
**<u>THIS DEFENDANT ALLEGES</u>:**

135.    Upon information and belief, that this defendant is entitled to recover of the plaintiff its attorneys' fees and expenses incurred in the defense of this action in the event that said defendant is successful in the outcome of the claims brought against it by the plaintiff herein.

19

**WHEREFORE**, this answering defendant demands judgment dismissing the Complaint of the plaintiff herein or, in the alternative, plaintiff demands judgment for indemnification/contribution over and against the co-defendants, Rensselaer County, Michael Sikirica and Joel Abelove as to any damages herein by the plaintiff against this defendant.

Dated: April 14, 2020.

/s Rhiannon I. Spencer

_____

Rhiannon I. Spencer, Esq.
**Pattison, Sampson, Ginsberg & Griffin, PLLC**
Bar Roll No. 701043
*Attorneys for Defendant,*
*City of Troy*
22 First Street - P. O. Box 208
Troy, New York 12181-0208
(518) 266-1001